IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CV-213-D

| | |
|---|---|
| SAMUEL A. AGHIMIEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| NORTH CAROLINA DEPARTMENT ) | |
| OF TRANSPORTATION, et al., ) | |
| ) | |
| Defendants. ) | |

Pro se plaintiff Samuel A. Aghimien ("plaintiff") filed suit against the North Carolina Department of Transportation ("NC DOT") and his former NC DOT supervisors Michael Orr, Elina Zlotchenko, and Mike Bruff. Plaintiff alleges discrimination on the basis of race, color, sex, national origin, retaliation, and age, and seeks relief under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA"). Plaintiff also seeks relief from defendants under North Carolina law for intentional infliction of emotional distress, assault and battery, negligent infliction of emotional distress, wrongful dismissal, negligent supervision and retention, and harassment.

Defendants moved to dismiss the complaint for various reasons [D.E. 14]. NC DOT contends (among other things) that plaintiff's complaint should be dismissed for insufficiency of service of process in that plaintiff failed to serve NC DOT in accordance with Rule 4(j)(2) of the Federal Rules of Civil Procedure. Defendants Orr, Zlotchenko, and Bruff also seek dismissal and argue (among other things) that plaintiff has failed to state a claim against them under Title VII or the ADEA because they were not plaintiff's "employer" under Title VII or the ADEA; therefore, they are not proper defendants under Title VII or the ADEA.

Turning first to NC DOT's argument, Rule 4(j)(2) of the Federal Rules of Civil Procedure provides:

> A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. 4(j)(2). In turn, Rule 4(j)(4) of the North Carolina Rules of Civil Procedure sets forth the manner in which a party must serve process on a state agency. See N.C. R. Civ. P. 4(j)(4).

Plaintiff does not contend that he complied with either Rule 4(j)(2) of the Federal Rules of Civil Procedure or Rule 4(j)(4) of the North Carolina Rules of Civil Procedure. See Pl.'s Resp. 1–2. Instead, he cites his pro se status and argues that he should be excused from complying. Id. Plaintiff's pro se status, however, does not excuse his failure to serve process in accordance with the Federal Rules of Civil Procedure. See, e.g., Cherry v. Spence, 249 F.R.D. 226, 228–29 (E.D.N.C. 2008). Moreover, absent proper service of process, the court lacks personal jurisdiction over defendant NC DOT. See, e.g., id. at 228–30. Further, even if defendants have actual notice of the lawsuit, process still must be served in accordance with the Federal Rules of Civil Procedure. See Wilson v. Kenny, No. 90-2201, 1991 WL 157262, at *2–*3 (4th Cir. Aug. 19, 1991) (per curiam) (unpublished); Ryals v. Hall-Lane Moving & Storage Co., 122 N.C. App. 242, 247, 468 S.E.2d 600, 604 (1996). Because plaintiff has failed to serve process on the NC DOT in accordance with the Federal Rules of Civil Procedure, defendant NC DOT's motion to dismiss is granted and the action against NC DOT is dismissed without prejudice. See, e.g., Fed. R. Civ. P. 4(m); Cherry, 249 F.R.D. at 229–30.

As for defendants Orr, Zlotchenko, and Bruff, they were not plaintiff's "employer" under

Title VII or the ADEA; therefore, plaintiff has failed to state a claim under Title VII or the ADEA against them. See, e.g., Shields v. Fed. Express Corp., 120 Fed. Appx. 956, 960 n.2 (4th Cir. 2005) (per curiam) (unpublished); Smith v. Pepersack. No. 98-1942, 1999 WL 760218, at *4 (4th Cir. Sept. 24, 1999) (per curiam) (unpublished); Lissau v. S. Food Serv., Inc., 159 F.3d 177, 180 (4th Cir. 1998); accord Yesudian ex rel. U.S. v. Howard Univ., 270 F.3d 969, 972 (D.C. Cir. 2001) (collecting cases). Moreover, plaintiff cannot cure this defect with an amendment. Accordingly, plaintiff's Title VII and ADEA claims against these individuals are dismissed with prejudice. See, e.g., Ward v. Coastal Carolina Health Care, P.A., No. 4:08-CV-80-D, 2009 WL 54954, at *1 (E.D.N.C. Jan. 8, 2009). As for the balance of plaintiff's state law claims against these individual defendants, the court declines to exercise supplemental jurisdiction over such claims. See 28 U.S.C. § 1367(c)(3).

As explained above, defendants' motion to dismiss [D.E. 14] is GRANTED. Plaintiff's complaint against the NC DOT is DISMISSED without prejudice. Further, plaintiff has failed to state a claim under Title VII or the ADEA against the individual defendants Orr, Zlotchenko, and Bruff. Thus, those claims are DISMISSED with prejudice. Finally, as for any remaining state law claims against defendants Orr, Zlotchenko, and Bruff, the court declines to exercise supplemental jurisdiction over those claims, and those claims are DISMISSED without prejudice.

SO ORDERED. This 18 day of February 2009.

JAMES C. DEVER III
United States District Judge